UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EUGENE HAMILTON, | ) | Case No. CV-06-3519 JC |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM OPINION AND ORDER OF REMAND |
| MICHAEL J. ASTRUE,[1] Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

**I.   SUMMARY**

On June 14, 2006, plaintiff Eugene Hamilton ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross-motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See F.R. Civ. Proc. 78; L.R. 7-15; June 19, 2006 Case Management Order, ¶ 5.

---

[1] Michael J. Astrue is substituted as Commissioner of Social Security pursuant to F.R. Civ. Proc. 25(d)(1).

1  Based on the record as a whole and the applicable law, the decision of the
2  Commissioner is REVERSED AND REMANDED for further proceedings
3  consistent with this Memorandum Opinion and Order of Remand.  The
4  Administrative law Judge ("ALJ") materially erred by rejecting plaintiff's
5  subjective complaints without offering adequate findings.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 21, 2004, plaintiff applied for disability insurance benefits and supplemental security income benefits.  (Administrative Record ("AR") 46, 289).  Plaintiff asserted that he became disabled beginning on December 18, 2003, due to diabetes, pancreatitis, nervousness, right leg weakness, shortness of breath, and associated pain.  (AR 46, 56-62, 71-76).  The Social Security Administration denied plaintiff's application initially.  (AR 23-28, 290).  Plaintiff then requested a hearing, which was held before an Administrative Law Judge ("ALJ") on July 6, 2005.  (AR 29, 293-325).  The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert.  (Id.).

On September 15, 2005, the ALJ determined that plaintiff was not entitled to disability insurance benefits.  (AR 14-20).  Specifically, the ALJ found: (1) plaintiff suffered from the following "severe" impairments:  hypertension, diabetes, low back pain, liver disease, chronic pancreatitis, and alcohol abuse (AR 17, 19); (2) plaintiff's impairments taken either singly or in combination, did not meet or medically equal one of the listed impairments (AR 17, 19); (3) in the absence of substance abuse, plaintiff retained the residual functional capacity to

///
///
///
///

perform work at the medium exertional level[2] (AR 17-18);[3] (4) in the absence of substance abuse, plaintiff retained the residual functional capacity to perform his past relevant work (AR 18, 19); (5) with ongoing alcohol abuse, plaintiff was disabled because he was marked limited in his ability to maintain a normal work schedule, and he was unable to perform his past relevant work or to make a vocational adaptation to work existing in significant numbers (AR 18, 19); and (6) plaintiff's allegations regarding his limitations were not totally credible. (AR 19).

Because plaintiff would be disabled with ongoing alcohol abuse but would not be disabled in the absence of substance abuse, the ALJ determined that plaintiff's substance abuse was "material" to plaintiff's disability. (AR 18).[4] Accordingly, the ALJ concluded that plaintiff was not entitled to benefits.

The Appeals Council ultimately denied plaintiff's application for review of the ALJ's decision. (AR 4-6, 9).

### III.   APPLICABLE LEGAL STANDARDS

#### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

[3] Specifically, the ALJ determined that in the absence of substance abuse, plaintiff was able to: (i) lift 25 pounds frequently; (ii) lift 50 pounds occasionally; (iii) stand and/or walk six hours in an eight-hour workday; and (iv) sit six hours in an eight-hour workday. (AR 18, 19).

[4] As noted by the ALJ, Public Law 104-121, which amended 42 U.S.C. § 423(d)(2)(C), prohibits the award of disability benefits to individuals when substance abuse is material to the determination of disability. (AR 14). This provision states: "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).

3

has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

///

"[T]he ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry." Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty to fully and fairly develop record and to assure that claimant's interests are considered). The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability). If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity, age, education, and work experience. Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Id.

### B.     Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court "may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error." Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and

evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff seeks summary judgment, or alternatively a remand because the ALJ allegedly erroneously discounted his subjective symptom testimony.

### A. Pertinent Law

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment.  Orn v. Astrue, 2007 WL 2034287, at *9 (9th Cir. July 16, 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record establishes the existence of a medically determinable impairment that could reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect.  Robbins, 466 F.3d 880 at 883 (citations omitted).  Unless an ALJ makes a finding of malingering based on affirmative evidence thereof, the ALJ may reject a claimant's testimony regarding the severity of his symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so.  Id. (citations omitted).  The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).  The ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony." Holohan v. Massanari, 246 F. 3d 1195, 1208 (9th Cir. 2001).

To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (e.g., reputation for dishonesty), internal

contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (e.g., daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment). Orn, 2007 WL 2034287, at *9; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; SSR 96-7p.[5]  Although an ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his credibility assessment. Burch, 400 F.3d at 681.

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

**B.   Pertinent Facts**

On July 6, 1005, plaintiff testified regarding his symptoms and their functional effects. (AR 300, 307, 309-16). More specifically, plaintiff testified: (i) he faints an average of twice a week (AR 313); (ii) the fainting results from diabetes and pancreatitis and, in the past, from working in the heat (307, 309-10, 312-13); (iii) he suffers four times a day from pancreatitis-related stomach pain which feels like a shot to the stomach (AR 311-12); (iv) he suffers from nervousness and shaking related to his diabetes (AR 313-14); and (v) he suffers

///
///
///

---

[5]Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990). Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007).

from pain and swelling in his leg which had been broken, and has difficulty walking.[6]  (AR 315-16).

### C. A Remand is Appropriate

Plaintiff argues that the ALJ erred in his consideration and evaluation of plaintiff's subjective symptom testimony. (Plaintiff's Motion at 4-7). This Court agrees that a remand is appropriate because the ALJ failed specifically to identify the testimony/allegations he found not to be credible, and failed adequately to explain his reasons for discounting such testimony/allegations.

As noted above, the ALJ made a finding near the end of his decision that "the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision." (AR 19). However, with the exceptions of plaintiff's complaint regarding his abdominal pain, which the ALJ credited, and plaintiff's nervousness, which the ALJ noted did not cause any limitations, the body of the ALJ's decision does not set forth any other specific testimony/allegations by plaintiff, let alone the ALJ's corresponding rationale for discounting such testimony/allegations. The ALJ did not even mention plaintiff's fainting or leg problems, let alone determine whether plaintiff's medically determinable impairments could reasonably give rise to such symptoms, and if so, the clear and convincing reasons for rejecting plaintiff's testimony about such symptoms. The ALJ erred in these respects.

This Court cannot find the ALJ's error to be immaterial. Significantly, the ALJ made no findings that plaintiff's fainting and/or leg pain were attributable to plaintiff's alcohol abuse.[7] The vocational expert testimony upon which the ALJ

---

[6]Plaintiff also claimed (i) in his December 2004 Disability Report, that he has a lot of dizziness and has fallen a few times due to his dizziness; and (ii) in a March 2005 Disability Report, that he fainted "a lot" due to illness. (AR 60, 72).

[7]Where a claimant is disabled but suffers from drug addition or alcoholism, 20 C.F.R. section 404.1535(b) dictates that the ALJ must conduct a drug and alcohol analysis to determine

(continued...)

8

relies to conclude that plaintiff, in the absence of substance abuse, could perform his past work is predicated upon a hypothetical which does not include limitations of fainting and leg pain.[8]  (AR 320).  As the record does not reflect that the ALJ has properly assessed plaintiff's complaints regarding his fainting and leg pain,

---

[7](...continued)
*which* of a claimant's limitations would remain if the claimant stopped using drugs or alcohol.  If the remaining limitations would be disabling, the claimant's substance abuse is not a contributing factor material to his disability.  If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied.  See 20 C.F.R. § 404.1535(b); 42 U.S.C. § 423(d)(2)(C); see also Parra v. Astrue, 481 F.3d 742, 746-47 (9th Cir. 2007) (discussing same).  The ALJ failed to follow the regulations.  The ALJ did not indicate which of plaintiff's limitations would remain if plaintiff stopped using alcohol, and therefore the ALJ's analysis of whether plaintiff's alcoholism was material to his disability was incomplete.  (AR 17-18).  Indeed, as the Court finds no medical evidence in the record to suggest which of plaintiff's impairments would remain if plaintiff stopped using alcohol it appears that the ALJ had no basis in the record to make such a determination.  To the extent the ALJ may have substituted his own judgment for that of a medical expert concerning which of plaintiff's impairments would remain, the ALJ erred.  The ALJ may not substitute his own opinion for a competent medical opinion.  See Gonzalez Perez v. Secretary of Health and Human Services, 812 F.2d 747, 749 (1st Cir. 1987) ("The ALJ may not substitute own layman's opinion for the findings and opinion of a physician.").  The ALJ needed to identify plaintiff's remaining limitations so that he could determine whether those limitations were themselves disabling.  See Ball v. Massanari, 254 F.3d 817, 821 (9th Cir. 2001) ("[A]n ALJ must conduct a 'differentiating' analysis to separate alcoholism and drug-related impairments from the. . . non-substance-abuse-related impairments [that] are 'severe.'").  While the burden is on a claimant to establish that his impairments would have been disabling absent substance abuse, Parra, 481 F.3d at 748, Ball, 254 F.3d at 821, the ALJ retained the responsibility of developing a full and fair record to determine which of plaintiff's limitations would remain absent alcohol abuse.  Title 20 C.F.R. § 404.1512(e) provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."  Similarly, Social Security Ruling 96-2p instructs that "the ALJ. . . may need to consult a medical expert to gain more insight into what the clinical signs and laboratory findings signify in order to decide whether a medical opinion is well-supported or whether it is not inconsistent with other substantial evidence in the case record."

[8]The vocational expert also testified, however, that a person with plaintiff's "age, education, [and] work experience, who, because of *right leg pain*, abdominal pain, *and fainting*, could not sustain work activity five days a week for eight hours a day or at the level of substantial gainful activity" could not perform plaintiff's past work or any other work.  (AR 321) (emphasis added).

9

and as such complaints, if credited, could be material to whether plaintiff can perform his past work, this Court cannot find the ALJ's error to be harmless.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Memorandum Opinion and Order of Remand.[9]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 11, 2007

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[9]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).